# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JASON OWENS                                                                                                                 PETITIONER

V.                                                                              CRIMINAL NO. 2:09CR006-DPJ-DAS

UNITED STATES OF AMERICA                                                  RESPONDENT

## MEMORANDUM OPINION

Petitioner, Jason Owens, filed his motion to vacate under § 2255 on May 16, 2011. After careful consideration of the arguments and exhibits, the court finds that the Petitioner is entitled to partial relief.

I.       Factual and Procedural Background

On March 13, 2009, Petitioner was indicted with (1) transporting images of child pornography and (2) possession of child pornography.[1] On February 12, 2010, he was found guilty of count one. Owens' motions for a new trial, acquittal, and judgment as a matter of law were denied. Owens was sentenced to eighty four months imprisonment. No appeal was taken.

Throughout the trial and penalty phase, Owens was represented by retained attorney John Daniels. On May 16, 2011, with the assistance of attorney Julie Epps, a motion to vacate was filed.[2] In his motions, Owens asserts that he was never informed of his right to appeal as an indigent. Owens states that neither the court nor his attorney, John Daniels, ever instructed him that he would be entitled to the appointment of an attorney to appeal if he could not afford one.

---

[1] A two count superseding indictment was issued on October 8, 2009.

[2] A motion for leave to for an out-of-time appeal was also filed. Petitioner, however, admits that this motion was not the appropriate avenue to seek relief. *See* Reply to Govt. Response (June 6, 2011).

Owens claims that he could not pay Attorney Daniels' quoted fee for an appeal and explains that had he known an attorney could be appointed, he would have insisted on pursuing an appeal.[3]

II.     Standard for Review

When a defendant collaterally attacks his conviction or sentenced based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (9184). A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687.

The failure to file a notice of appeal when requested is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Thus, when an attorney fails to file a notice of appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id.* at 477-78. Instead, the defendant must demonstrate only that there is a reasonable

---

[3] To be clear, the Court does not construe the argument to include the complete failure to consult. The exhibits clearly show that Attorney Daniels discussed the possibility of an appeal with Owens—including the cost for such a course of action. The issue, however, is more narrow. There is little proof that Owens was made aware that he could have an attorney appointed if he qualified as an indigent.

probability that but for counsel's failure, he would have timely appealed. *Id.* at 484, 486. When a petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed, and the petitioner will be entitled to an out-of-time appeal. *U.S. v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) (vacating dismissal of 2255 motion and remanding for evidentiary hearing as to whether defendant requested his counsel file an appeal); *Perez v. Wainwright*, 640 F.2d 596, 598 (5th Cir. 1981).

III.     Analysis

No appeal was taken from Owens' conviction and sentence. The exhibits—in the form of attorney-client letters—clearly demonstrate that Attorney Daniels discussed the possibility of an appeal with Owens. Under oath, Owens states that Attorney Daniels offered to pursue an appeal for $40,000. Owens convincingly attests that he did not expressly request an appeal because he did not have enough money to pay Daniels' fee for an appeal. And Owens further submits that he did not know his right to seek appointment of an attorney for appeal if he qualified as an indigent. Daniels' letters to Owens repeatedly state that an appeal would not be perfected since it was not part of their agreement.

That said, the Government represents that "Daniels recall[s] that Owens did request that he check into having an indigent attorney appointed, but that counsel doubted that he would qualify as indigent." Although this statement could contradict Owens' argument that he was unaware of his right to appeal as an indigent, it bolsters his claim that he wanted to appeal but received ineffective assistance in that counsel failed to pursue a motion to proceed in forma pauperis.

The Court is satisfied that Owens was aware of the right to appeal. But the Court finds that Owens was not fully apprised of all his appellate rights including the right to appeal as an indigent and the appointment of counsel. *Martin v. Texas*, 737 F.2d 460, 462 (5th Cir. 1994) ("the failure on counsel's part to inform a defendant of his right to appointed counsel on appeal if indigent constitutes ineffective assistance and requires that habeas relief be granted."). This problem was compounded during sentencing when the Court neglected to inform Owens of a defendant's right to ask for permission to appeal in forma pauperis. *See* Fed. R. Crim. P. 32 (j)(1)(C). Given the very circumscribed facts presented by this case, the Court elects to err on the side of caution and permit Owens an out-of-time appeal. *Martin*, 737 F.2d at 462 (affirming an out-of-time appeal where retained counsel and the court failed to inform the defendant of his right to appointed counsel on appeal if indigent).

As a result, the Court finds that Owens' 2255 motion shall be granted to the extent he seeks an appeal based either on the ineffectiveness of counsel or the Court's omission.[4]

---

[4] The merits of Owens' remaining arguments are not compelling. Most were addressed on the record, and the argument regarding the "on or about" instruction fails to demonstrate clear error as required when a party fails to object to an instruction at trial. *United States v. Payne*, 341 F.3d 393, 403 (5th Cir. 2003). Because he made an alibi defense, Owens now contests the pattern instruction that the Government need prove only that the crime occurred on or about the date listed on the indictment. But this is a cyber-crime where the actual date (and location) of the alleged conduct is not precisely known. If the Court's notes are correct, Owens' expert testified that if a request to transfer the images was actually made, then it would have occurred 24–48 hours before the migration was accomplished. In other words, the evidence could not pinpoint exactly when a transfer request was made. Under the circumstances, the "on or about" instruction was not clearly erroneous. Still, the lack of merit does not preclude the right to appeal.

A separate judgment in accordance with this opinion shall issue this day.

**SO ORDERED AND ADJUDGED** this the 23rd day of January, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE